Wilde J.
delivered the opinion of the Court. The plaintiff claims to recover in this action the whole amount of the note assigned to him by the defendant; and the defendant, on his part, contends that, upon the facts appearing in the report, he is by law wholly discharged from his responsibility.
The defendant was the guardian of one Alpheus Smith, who was indebted to the plaintiff in a large amount, and the note in question was assigned for the purpose of satisfying that demand ; the plaintiff agreeing to account with the defendant, as guardian of Smith, for the amount he should receive on the *379 note assigned, and to pay over the balance, if any there should be, after satisfying his own demands.
By the terms of the assignment, the plaintiff became entitled to the balance due on the note assigned, after deducting the claims of one H. G. Henshaw, to whom the note had been pledged, which claims were however not to exceed the sum of 500 dollars.
It appears that after the assignment of the note, Henshaw commenced a suit against Alpheus Smith for the recovery of his demand, and proceeded therein to judgment and execution ; and it has been argued for the plaintiff, that Henshaw thereby virtually relinquished his lien on the note. We think however that this is immaterial in the present action ; for if the lien on the note was discharged by these proceedings, still, by the terms of the assignment and guaranty, Henshaw’s claim, to the amount of 500 dollars, was to be satisfied out of the proceeds of the note , and as to this amount the plaintiff has no title under the assignment and guaranty. So that the only question on this part of the case is, as to the amount to be deducted for Henshaw’s claim — whether it shall be limited to the sum of 500 dollars, or is to be extended to the amount of sales which were made on Henshaw’s execution to satisfy that amount. And we think, that by the obvious construction of the defendant’s contract, the amount of sales must be allowed. Henshaw’s debt, not however to exceed the sum of 500 dollars, was to be paid. The limitation clearly applies to the debt, and not to the amount of sales which might be made to pay it. The whole of Henshaw’s debt, provided it should not exceed 500 dollars, was to be discharged by the sale of cards, to be delivered according to the terms of the note. Whether the cards would sell for more or less than the appraised value, could not have been ascertained at the time of the contract, nor is there any reason to suppose that such a question was within the contemplation of the parties. Henshaw was under no obligation to receive his pay in cards ; and when Horace Smith, the maker of the note, turned them out at an appraised value, the plaintiff, if he wished to avoid any loss by a forced sale, should have prevented it by paying Hen *380 shaw’s demand, as he might have done, for he had notice of the intended sale.
The plaintiff must have been aware of the construction now put on the contract of assignment and guaranty, by Wash-burn’s letter to Packard, the plaintiff’s agent; yet he made no objection to the sales under Henshaw’s execution ; but on rhe contrary, he impliedly ratified and confirmed them, by receiving the balance of the note and delivering the note up to the maker.
We are therefore clearly of opinion, that the amount of sales, to the extent of satisfying Henshaw’s demand to the amount of 500 dollars, must be allowed in payment in favor of the defendant. So far as the sales exceeded the amount necessary for this purpose, the plaintiff is entitled to recover in this action ; and the cards thus sold are to be accounted for at their just value, and the indorsement of 1308 dollars 50 cents must be reduced accordingly, to the amount necessary to satisfy the sum of 500 dollars, and no more.
As to the sum of 286 dollars 27 cents, indorsed before the assignment of the note, that also we think must be allowed. It was contended at the trial, that this sum ought not to be allowed without proof that the plaintiff or his agent had knowledge of the indorsement, at the time of the assignment of the note ; and evidence on this point was offered by both parties, which however was thought immaterial, no evidence being offered to show any fraudulent concealment on the part of the defendant; and we are all of the same opinion. We can not infer from the language of the assignment or the guaranty, that the defendant intended to stipulate that any particular sum was due on the note. The intention was to assign the balance actually due, whatever the amount might be, subject to a deduction to the extent of Henshaw’s debt under the limitation specified.
The amount of the plaintiff’s demand was not known, nor could it be ascertained whether the balance due on the note was sufficient, or more than sufficient, to discharge the demand Accordingly the balance, after making the stipulated deduction, was to be received and accounted for by the plaintiff, but the amount of the balance was not ascertained.
*381 The sum of 669 dollars 61 cents, received in cards from Horace Smith, must also be allowed. If there was any fraud or deception as to the quality of the cards practised by him, the defendant is not responsible for it. The cards were accepted by the plaintiff, and it was his business to examine their quality, and the loss, if any, should fall on the plaintiff, rather than on the defendant, who had no concern in that transaction.

Judgment for plaintiff.